UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DONNISE BATTON,

      Plaintiff,

v.                         Civil Action No. 2:13cv426

COMMUNICATION WORKERS OF AMERICA,
AFL-CIO, et al.,

      Defendants.

## MEMORANDUM ORDER

This matter comes before the Court on Defendant's Bill of Costs, ECF No. 80, and Plaintiff's Objection to Bill of Costs, ECF No. 81.  For the reasons discussed below, Plaintiff's Objection to Bill of Costs is **SUSTAINED** and Defendant's Bill of Costs is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 5, 2013, Plaintiff filed a Complaint against Defendants, alleging that Verizon, her employer, breached her employment contract and Communication Workers of America ("CWA"), the labor union representing her, "violated the duty of fair representation."  Compl. ¶ 34, ECF No. 4.  The Court granted summary judgment to all defendants on August 4, 2014. ECF No. 67.  Plaintiff timely appealed, but the Fourth Circuit affirmed this Court's ruling in an unpublished per curiam

opinion on October 8, 2015. ECF No. 77. The Fourth Circuit issued its mandate on October 30, 2015. ECF No. 79.

CWA filed its Bill of Costs on November 9, 2015, seeking $574.00 for six cost items related to the instant case and appeal. ECF No. 80. Plaintiff filed her Objection to CWA's Bill of Costs on November 23, 2015. ECF No. 81. Because "objections [were] filed and the Clerk [was] unable to determine all or some of the properly chargeable costs, the application for such costs" was referred to the Court. E.D. Va. Loc. Civ. R. 54(D)(2). Therefore, the matter is ripe for review.

## II. **DISCUSSION**

Plaintiff lists four objections to CWA's Bill of Costs. First, Plaintiff argues that CWA's Bill of Costs, seeking payment of three pre-appeal costs related to pro hac vice attorney admission, copying, and Certificates of Good Standing, incurred in the District Court, is untimely. Pl's Obj. to Def.'s Bill of Costs at 2. Second, Plaintiff argues that the Bill of Costs improperly seeks appellate copying costs that should have been sought in the Fourth Circuit and is now untimely. Id. at 3. Third, Plaintiff argues that CWA cannot recover fees related to attorney admission to the Fourth Circuit. Id. at 4. Fourth, Plaintiff argues that the Court should deny recovery for cost of the transcript because it was

2

not "needed to determine the appeal." Id. at 5. The Court will address each objection, and items of cost, in turn.

## A. District Court Costs

As noted above, Plaintiff first objects to CWA's request for three pre-appeal costs incurred in this Court. Local Civil Rule 54 provides that a party entitled to costs in this Court "shall file a bill of costs as provided in 28 U.S.C. §§ 1920 and 1924 within eleven (11) days from the entry of judgment, unless such time is extended by order of the Court." E.D. Va. Loc. Civ. R. 54(D). Section 1920 lists six categories of costs that may be recovered.[1] Specifically, CWA seeks payment for (1) $150 filing fee for two pro hac vice motions; (2) $30.80 for copies related to a motion to dismiss; and (3) $36 filing fee for two Certificates of Good Standing related to attorney admission. Judgment was entered in this case on August 4, 2014. Order, ECF No. 67; Clerk's Judgment, ECF No. 68. CWA did not file its Bill of Costs until November 9, 2015, more than a year after judgment was entered. CWA's Bill of Costs seeking costs under Local Civil Rule 54 is, therefore, untimely because CWA failed to file its Bill of Costs "within eleven (11) days from the entry of

---

[1] The six categories of costs that may be taxed are: (1) clerk and marshal fees; (2) transcript fees; (3) printing and witness fees; (4) copying fees; (5) docket fees under 28 U.S.C. 1923; and (6) compensation of court appointed experts, interpreters, and special interpretation services. 28 U.S.C. § 1920; Intellectual Ventures I LLC v. Capital One Fin. Corp., No. 1:13cv0740, 2015 WL 7283108, at *6 (E.D. Va. Nov. 17, 2015) (unpublished).

3

judgment," and there was no request for an extension.[2]  As such,
Plaintiff's first objection to CWA's Bill of Costs is **SUSTAINED**,
and CWA's request for costs for pro hac vice attorney admission,
copying, and Certificates of Good Standing is **DENIED**.  Remaining
items in the Bill of Costs are addressed below.

## B. Fourth Circuit Appeal Costs

Second, Plaintiff objects to CWA's request for costs
incurred in the Fourth Circuit.  Federal Rule of Appellate
Procedure 39 requires that "[a] party who wants costs taxed
must—within 14 days after entry of judgment—file with the
circuit clerk" the requisite bill of costs.  Fed. R. App. P.
39(d)(1).  After a bill of costs is filed with the circuit
clerk, the "clerk must prepare and certify an itemized statement
of costs for insertion in the mandate."[3]  Id. 39(d)(3).  Under

---

[2] Plaintiff filed a Notice of Appeal on August 22, 2014.  ECF No. 69.
Even if the Notice of Appeal had been filed within the 11 day deadline
noted in Local Civil Rule 54, a Notice of Appeal does not extend the
deadline for seeking costs in the District Court.  Amdocs (Israel)
Ltd. v. Openet Telecom, Inc., No. 1:10cv910 LMB/TRJ, 2013 WL 1192947,
at *2 (E.D. Va. Mar. 21, 2013) (unpublished); see Singleton v. Dep't
of Corr. Educ., No. 1:03cv00004, 2003 WL 22299039, at *2 (W.D. Va.
Oct. 3, 2003) (unpublished) (explaining that an intermediate
determination of costs benefits "judicial efficiency" because "any
appeal from the award of costs could feasibly be consolidated with the
pending appeal on the merits") (internal citations omitted).

[3] Fourth Circuit Local Rule 39(c) further notes that "[a]lthough some
costs are 'taxable' in the Court of Appeals, all costs are recoverable
in the district court after issuance of the mandate.  If the matter of
costs has not been settled before issuance of the mandate, the clerk
will send a supplemental 'Bill of Costs' to the district court for
inclusion in the mandate at a later date."  4th Cir. Loc. R. 39(c).
The Court understands Fourth Circuit Local Rule 39(c), in concert with
Federal Rule of Appellate Procedure 39, to require a prevailing party,

Fourth Circuit Local Rule 39(c), the "only costs generally taxable in the court of appeals are: (1) the docketing fee . . . ; and (2) the costs of printing or reproducing briefs and appendices." Specifically, CWA's Bill of Costs seeks $73.80 for copies of its appellate brief and the appendix. The Fourth Circuit's judgment was entered on October 8, 2015. ECF No. 78. CWA filed its Bill of Costs, including copying costs for its appellate brief and the appendix, in this Court on November 9, 2015. CWA's Bill of Costs seeking costs under Appellate Rule 39 and Fourth Circuit Local Rule 39(c) is, therefore, untimely because CWA failed to file its Bill of Costs "within 14 days after entry of judgment," and because it failed to file such Bill with the circuit clerk. As such, Plaintiff's second objection to CWA's Bill of Costs is **SUSTAINED**, and CWA's request for appellate copying costs is **DENIED**.

### C. Fourth Circuit Admission Costs

Next, Plaintiff objects to CWA's request for filing fees for attorney admissions to the Fourth Circuit. Federal Rule of Appellate Procedure 39(e) provides that the only costs that a

---

seeking costs under Appellate Rule 39 and Fourth Circuit Local Rule 39, to file their Bill of Costs with the circuit clerk within 14 days of entry of judgment in the Fourth Circuit. Such costs, after verification by the circuit clerk, shall be included in the Fourth Circuit's mandate. If the clerk is unable to verify the Bill of Costs prior to issuance of the mandate, the circuit clerk may send a supplemental Bill of Costs to the district court for inclusion in the mandate at a later time. Fed. R. App. P. 39(d)(3).

prevailing party may seek post appeal at the District Court are (1) costs for "preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e). CWA seeks $216 for Fourth Circuit attorney admission fees. However, Appellate Rule 39 does not include attorney admission fees. See Stollings v. Ryobi Techs., Inc., No. 08C4006, 2015 WL 4100479, at *8 (N.D. Ill. July 6, 2015) (unpublished) (rejecting request for costs of attorney admission "because Rule 39(e) does not cover costs of attorney admissions, copying, or printing briefs"). As such, there are no grounds upon which to grant CWA's Bill of Costs regarding Fourth Circuit attorney admission fees. Therefore, Plaintiff's third objection to CWA's Bill of Costs is **SUSTAINED**, and CWA's request for Fourth Circuit attorney admission fees is **DENIED**.[4]

---

[4] The Court notes that other courts have found appellate attorney admission fees to be taxable as a clerk's fee under 28 U.S.C. § 1920. Crooked Creek Props., Inc. v. Hutchinson, No. 2:09cv1104, 2013 WL 1857625, at *2 (M.D. Ala. May 2, 2013) (unpublished) (finding admission fee for practice in the Eleventh Circuit was taxable as a clerk's fee); cf. Amdocs (Israel) Ltd., 2013 WL 1192947 at *3 (finding that fees for pro hac vice admission to the district court are "fees of the clerk" and listing cases in support). However, the Court has not found a case from the Fourth Circuit determining that appellate admission fees are taxable as a clerk's fee. Even if the Court were to construe CWA's request for Fourth Circuit admission fees as a request for fees under 28 U.S.C. § 1920, the request would be untimely because the Bill of Costs was not filed "within eleven (11) days from

### D. Transcript Costs

Finally, Plaintiff objects to the only remaining cost item, $67.50 for the summary judgment transcript, because it was not necessary for the appeal.  Federal Rule of Appellate Procedure 39(e)(2) allows a prevailing party to seek costs for "the reporter's transcript" in the district court following appeal, if the transcript was necessary "to determine the appeal." Plaintiff is correct that the transcript, obtained by CWA, was not necessary "to determine the appeal."  Plaintiff was the only party to note an appeal, Notice of Appeal, ECF No. 69, and CWA did not file a cross-appeal.  Plaintiff ordered the transcript on September 16, 2014, Tr. Req., ECF No. 72, and the transcript was included in the joint appendix,  App., No. 14-1889, ECF No. 19.   CWA only purchased a copy of the transcript.  ECF NO. 80-1.  As Plaintiff had already ordered the transcript, and it was included in the Joint Appendix, CWA's copy was not "needed to determine the appeal."  Therefore, Plaintiff's fourth objection to CWA's Bill of Costs is **SUSTAINED**, and CWA's request for transcript costs is **DENIED**.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Objection to Defendant's Bill of Costs is **SUSTAINED**.  As such, Defendant's

---

the entry of judgment."  E.D. Va. Loc. Civ. R. 54(D); see supra Sect. II.A.

Bill of Costs, as a whole, is **DENIED**.   The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to all counsel of record.

   **IT IS SO ORDERED**.

                                    /s/ MSD
                              Mark S. Davis
                        UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 13 , 2016

8